IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUN CHENYAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE PARTNERSHIPS AND ) <br> UNINCORPORATED ) <br> ASSOCIATIONS IDENTIFIED ON ) <br> SCHEDULE "A", ) <br> ) <br> Defendants. ) | Case No. 20 cv 00221 <br><br> Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sun Chenyan filed this lawsuit against the Partnerships and Unincorporated Associations identified on Schedule "A", which include Defendant Xin Zou, alleging trademark and copyright infringement under the Lanham Act and the Federal Copyright Act. (Dkt. 71-3 at 2–3; Dkt. 115 at 2). Defendant Zou now moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction over Zou, and pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process. (Dkt. 94 at 5). For the reasons set forth below, the Court lacks personal jurisdiction over Zou, and therefore the Motion to Dismiss is granted. It is not necessary for the Court to address the arguments on insufficient service of process given that the lack of personal jurisdiction is sufficient to dismiss Plaintiff's Amended Complaint. Plaintiff also moves to strike certain of Zou's arguments and exhibits made in Defendant's Reply. (Dkt. 129). For the reasons discussed further below, Plaintiff's Motion to Strike is denied.

**FACTS**

The Court assumes that the following facts taken from Plaintiff's Amended Complaint (Dkt. 71) are true for purposes of this motion. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016). Plaintiff is engaged in the business of designing, manufacturing and retailing wedding shoes under the SU.CHENY mark, which is a current and valid trademark registered under USPTO. (Dkt. 71 ¶¶ 8–9). Plaintiff has been using the mark since March 21, 2015 in connection with the advertising and sale of the SU.CHENY branded products both domestically and internationally. (*Id.* ¶¶ 10–11). Plaintiff maintains that she sells authentic SU.CHENY products exclusively through Sun's online storefronts on eBay. (*Id.* ¶ 12). Plaintiff alleges that Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine SU.CHENY products. (*Id.* ¶ 22). In order to appear legitimate, Defendant Internet Stores accept payment in U.S. dollars, design their online storefront to include images and designs, including Plaintiff's SU.CHENY Works, with obliterated and/or blurred watermarks displaying the SU.CHENY Mark, that make it very difficult for consumers to distinguish such counterfeit and/or infringing sites from that of an authorized retailer, and offer 24/7 live customer service. (*Id.*). Plaintiff further alleges that Defendants also deceive unknowing consumers by using the SU.CHENY trademark without authorization within the content, text, and/or meta tags of their websites to attract various search engines crawling the Internet looking for websites relevant to consumer searches for SU.CHENY product. (*Id.* ¶ 23).

Defendants are individuals and businesses that operated commercial websites and online marketplaces. Plaintiff alleges that the Defendants offered to sell counterfeit and infringing SU.CHENY products to consumers within the United States, including the Northern District of

Illinois. (*Id.* ¶ 17). On January 27, 2021, Sun settled with all eBay marketplace Defendants, which were subsequently dismissed from the lawsuit. (Dkt. 101). These eBay marketplace defendants include tinaforyou and homesale_estore (collectively, the "eBay Stores"), both of which list Zou as a registrant. (Dkt. 115-1; 115-2).

Plaintiff claims that Zou conducted "significant business in Illinois and in this Judicial District" because Zou used "various storefronts on at least the Wish, eBay and Alibaba platforms" to sell allegedly counterfeit and infringing products to "consumers in the United States and the State of Illinois, including the Northern District of Illinois." (Dkt. 6 ¶ 16). Plaintiff further claims that while both tinaforyou and homesale_estore declined to ship their merchandise to parts of the country including Guam, Puerto Rico, and U.S. Virgin Islands, they never excluded the state of Illinois. (Dkt. 115 at 4; Dkt. 7 at 123–74, 240–58). Furthermore, Sun asserts that on a package shipped by tinaforyou, the return address is located in Franklin Park, Illinois. (Dkt. 7 at 256).

Zou claims that he lives in Guangzhou, China, and has not traveled to Illinois within the past six years. (Dkt. 96-1 ¶¶ 4, 9). He further maintains that he does not control the eBay Stores, and has never authorized anyone to list him as the registrant for the eBay Stores. (Dkt. 96-1 ¶¶ 12–14, 16). Zou subsequently filed a Motion to Dismiss for lack of personal jurisdiction and for insufficient service of process on January 20, 2021. (Dkt. 96 at 5).

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(2) allows dismissal of a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). A plaintiff is not required to anticipate a personal jurisdiction challenge in her complaint though, once challenged, the plaintiff bears the burden of demonstrating personal jurisdiction. *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 392 (7th Cir. 2020) (citing *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir.

2003)). Whether the court holds an evidentiary hearing determines the nature of the plaintiff's burden. *Id.* When the court does not hold an evidentiary hearing and decides the defendant's Rule 12(b)(2) motion on the basis of written materials alone, the plaintiff must establish merely a *prima facie* case of personal jurisdiction. *Id.* In evaluating whether the plaintiff has satisfied the *prima facie* standard, the court must "take as true all well-pleaded facts alleged in the complaint and resolve any factual disputes in the affidavits in favor of the plaintiff." *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019) (citing *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010)).

## DISCUSSION

### I. Personal Jurisdiction

Given that neither the Lanham Act nor the Copyright Act authorizes nationwide service of process, personal jurisdiction is governed by the law of Illinois. *See Ariel Invs., LLC v. Ariel Cap. Advisors LLC*, 881 F.3d 520, 521 (7th Cir. 2018) ("The Lanham Act does not authorize nationwide service of process. A plaintiff therefore must secure personal jurisdiction under state law."); *see also Tamburo*, 601 F.3d at 700 ("Where no federal statute authorizes nationwide service of process, personal jurisdiction is governed by the law of the forum state."). The Illinois long-arm statute allows courts to "exercise jurisdiction on any basis . . . permitted by the Illinois Constitution and the Constitution of the United States." 735 Ill. Comp. Stat. 5/2-209(c). Because there is "no operative difference between" the constitutional limits of the Illinois Constitution and the United States Constitution in terms of personal jurisdiction, the proper inquiry is whether this Court's exercise of personal jurisdiction over Defendants complies with the limits imposed by the Fourteenth Amendment's Due Process Clause. *Curry, LLC*, 949 F.3d at 393 (quoting *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Hous. Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010)). The Due Process Clause limitations "protect an individual's liberty interest in

4

not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985)). Personal jurisdiction exists wherever the defendant has deliberately established contacts with the forum state, "or in other words, he must purposefully avail himself of the forum state 'such that he should reasonably anticipate being haled into court there.'" *Philos Techs, Inc. v. Philos & D, Inc.*, 802 F.3d 905, 923 (7th Cir. 2015) (quoting *Burger King*, 471 U.S. at 474–75). "It is the defendant—not the plaintiff . . . that must create the contacts in the forum state . . . ." *Id.* (citing *Walden v. Fiore*, 571 U.S. 277, 284 (2014)). Personal jurisdiction does not exist where the defendant's contacts with the forum state are merely "'random, fortuitous, or attenuated.'" *Walden*, 571 U.S. at 286 (quoting *Burger King*, 471 U.S. at 475).

Personal jurisdiction may be general or specific. *Ford Motor Co. v. Montana Eighth Judicial District Court*, 141 S.Ct. 1017, 1024 (2021); *see also Mobile Anesthesiologists*, 623 F.3d at 444. General personal jurisdiction is only proper "in the limited number of fora in which the defendant can be said to be 'at home.'" *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014). For a court to exercise specific personal jurisdiction over a non-resident defendant, the defendant's contacts with the forum state must be "directly related to the conduct pertaining to the claims asserted." *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017) (citing *Tamburo*, 601 F.3d at 702).

A. **General Jurisdiction**

General jurisdiction is "all-purpose;" it exists only "when the [party's] affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State." *Kipp v. Ski Enter. Corp. of Wisconsin, Inc.*, 783 F.3d 695, 697–698 (7th Cir. 2015) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014)). These contacts need not be

related to the suit. *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017). However, the contacts must be sufficiently "extensive and pervasive to approximate physical presence"; "sporadic" or "isolated" contacts are insufficient to establish general jurisdiction. *Tamburo*, 601 F.3d at 701. Because general jurisdiction may exist even when the defendant's conduct is entirely unrelated to the forum state, "it should not lightly be found." *Kipp*, 783 F.3d at 698.

      Plaintiff fails to meet this high standard. An out-of-state defendant may not be subject to all-purpose jurisdiction, even if he directs marketing and advertisements to that forum states. *uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 426 (7th Cir. 2010) (finding that placing billboards and advertisement in Illinois was insufficient to meet general jurisdiction). Here, the eBay Stores are out-of-state businesses because they neither were incorporated in nor had their principal place of business in Illinois. (Dkt. 71 ¶ 19). Zou himself also does not own or lease any real or personal property, maintain any office, or have a bank account in Illinois. (Dkt. 96-1 ¶¶ 6–8.) To demonstrate Zou could be operating the business in-state, Plaintiff claims that the return address on a package shipped by tinaforyou is located within Illinois. (Dkt. 115 at 4). However, the return address points to Apex Logistics International, an international shipping company that is neither owned nor operated by Zou but, instead, as Plaintiff admits, Zou contracts with to provide delivery service in Illinois. (*Id*. at 10). These limited and sporadic contacts between Defendant and Illinois are not "sufficiently extensive and pervasive to approximate physical presence." *Tamburo*, 601 F.3d at 701 (maintaining a public website accessible by Illinois residents is not enough to find general jurisdiction over the defendant). Zou's contacts with Illinois are insufficient to render him "at home," and therefore general jurisdiction is absent.

### B. Specific Jurisdiction

Specific jurisdiction exists where a defendant's suit-related conduct creates a substantial connection with the forum state. *Walden*, 571 U.S. at 284. Such conduct is sufficient to establish specific jurisdiction based upon the "defendant's contacts with the forum state itself, not the defendant's contacts with persons who reside there." *Id.* at 284–85. There is a broader standard for specific jurisdiction that is limited by Due Process concerns from being "based on contacts with the forum that are random, fortuitous, or attenuated." *Id*. (citing *Burger King*, 471 U.S. at 475). There are three "essential requirements" for a court to exercise specific jurisdiction over an out-of-state defendant: (1) the defendant must have purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed its activities at the state, (2) the plaintiff's alleged injury must have arisen out of the defendant's forum-related activities, and (3) the exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice. *Curry*, 949 F.3d at 398 (quoting *Lexington Ins. Co. v. Hotai Ins. Co., Ltd.*, 938 F.3d 874, 878 (7th Cir. 2019)); *see also Tamburo*, 601 F.3d at 702. For the reasons that follow, Plaintiff's Amended Complaint fails to adequately state a *prima facie* case for specific personal jurisdiction.

### 1. Zou's Role in the eBay Stores

For a court to exercise jurisdiction consistent with Due Process, the relationship must arise out of contacts that the defendant himself creates with the forum and additionally must be analyzed with regard to the defendant's contacts with the forum itself, not with persons residing there. *See Burger King Corp.*, 471 U.S. at 475; *see also Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Here, Plaintiff fails to demonstrate that Zou was the person controlling the operation of the eBay Stores and causing the product to be shipped into Illinois. Indeed, Zou declares that he

was neither an owner nor a sole proprietor, even though he was being listed as a "merchant" of the eBay Stores. (Dkt. 123 at 4).

While Plaintiff does not dispute the facts in the declaration, she casts doubt on the credibility of the declaration by asserting that the declaration has not identified "any third party" as the "owner of one or both of the Defendant eBay Stores" or provided any explanation as to "how it is that the stores were registered in his name." (Dkt. 115 at 5). Plaintiff further discredits the reliability of Zou's declaration by claiming that: 1) the declaration does not comply with 28 U.S.C. § 1746, 2) Zou's lawyer is not qualified to authenticate the declaration letters (Dkt. 96-3 and Dkt. 96-5) and the eBay Stores' registration information (Dkt. 96-4 and Dkt. 96-6), and 3) the translation of the original declaration letters (Dkt. 96-3 and Dkt. 96-5) are not properly authenticated.

To address these issues, Zou attaches new declaration letters (Dkt. 123-2 and Dkt 123-5), in which two individuals, Lin QiYu and Chen Yitao, are named as the declarant for tinaforyou and homesale_estore respectively. (Dkt. 123-2, 123-5). Both declaration letters are signed in compliance with the format delineated in 28 U.S.C. § 1746(1). (*Id*.) Moreover, both Lin QiYu and Chen Yitao are sales managers from the corresponding company managing the eBay store, and therefore they have personal knowledge about the operation of the eBay store at issue and are qualified to authenticate the declaration letters and the registration information of the corresponding eBay Stores. (*Id*.) Zou also submits a certified translation of the Declaration Letters to remove Plaintiff's doubt that some of the translations were not properly authenticated. (Dkt. 123-8).

Consequently, the declaration, along with the new evidence Zou forwarded, demonstrates that Zou does not own, operate, or control the eBay Stores. Plaintiff, while casting doubt as to

8

the credibility of Zou's declaration, fails to put forward any new evidence pointing to the contrary, even after Plaintiff's settlement negotiations with the eBay store defendants, when she had the opportunity to acquire ownership information of the eBay Stores involved in this case. Where a defendant has submitted evidence questioning jurisdiction, "the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue Research Found.*, 338 F.3d at 782–83. The evidence submitted by the defendant may include affidavits unless the affidavits merely contain conclusory assertions that the court lacks personal jurisdiction over the defendant. *Id*. at 783 n. 13 (citing *Meier v. Sun Int'l Hotels, Ltd*., 288 F.3d 1264, 1269 (11th Cir.2002)). The affidavits submitted here are not conclusory, nor are they rebutted by Plaintiff. Therefore, Zou's lack of control over the eBay Stores negates the claim that Zou himself has directed contact with the state of Illinois, rendering this Court unable to exercise personal jurisdiction over him.

    **2. Purposeful Direction**

Assuming, *arguendo*, that Zou manages the eBay Stores, Plaintiff must still show that Zou purposefully directed contact with the state of Illinois. A defendant's activities may be purposefully directed at the forum state even in the "absence of physical contacts" with the forum. *Curry*, 949 F.3d at 398 (quoting *Burger King*, 471 U.S. at 476). Evidence that the defendant directed its activities toward the forum state in a non-random fashion may demonstrate that the defendant purposefully availed itself of the benefits of conducting business there. *See id.* at 399. An example of a purposefully directed activity is a defendant causing its product to be distributed in the forum state. *Id.* The purposeful direction requirement prevents out-of-state defendants from being "bound to appear . . . for merely 'random, fortuitous, or attenuated contacts.'" *Id.* at 398 (citations omitted).

9

Plaintiff cannot meet this burden. The fact that the return address on a package is in Illinois does not demonstrate that the eBay Stores were actively conducting business in the state. (Dkt. 115 at 4). As previously mentioned, the return address points to Apex Logistics International, a third-party international cargo transportation service. (*Id*.) The connection between a third-party logistics carrier and the eBay Stores is too tenuous to warrant specific jurisdiction here.

Plaintiff's strongest allegation is that Illinois residents were able to purchase items bearing the SU.CHENY mark through the eBay Stores and have them shipped into Illinois. (Dkt. 115 at p. 4). Plaintiff cites to *Illinois v. Hemi Group LLC*, 622 F.3d 754, 757-58 (7th Cir. 2010), but that case is inapposite to the facts at hand. In *Hemi Group*, the defendant operated a self-hosted website through which Illinois residents could purchase cigarettes. *Id*. at 755-56. In the instant case, Plaintiff has not shown that the eBay Stores operated any independent interactive website outside of eBay. Even in *Hemi Group*, the Court stated that "significant caution is certainly appropriate when assessing a defendant's online contacts with a forum 'to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state.'" *Id*. at 760; *see also Advanced Tactical Ordnance Sys., LLC*, 751 F.3d at 803. The *Hemi* Court expressed concern that "[p]remising personal jurisdiction on the maintenance of a website, without requiring some level of 'interactivity' between the defendant and consumers in the forum state, would create almost universal personal jurisdiction because of virtually unlimited accessibility of websites across the country." *Id*. (citing *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 550 (7th Cir. 2004)); *see also be2 LLC v. Ivanov*, 642 F.3d 555, 588 (7th Cir. 2011). Not to mention, the interactivity of a website is a poor proxy for adequate in-state contacts because the operation of an interactive website does not show that the defendant has formed a contact with the

10

forum state as is required to find personal jurisdiction. *Advanced Tactical Ordnance Sys., LLC*, 751 F.3d at 803.

Finding specific personal jurisdiction here would likely give rise to universal personal jurisdiction because users from across the country, except those from a handful of places, could purchase from the eBay Stores. Moreover, finding jurisdiction here would mean that Defendant would need to appear "for merely random, fortuitous, or attenuated contacts," which would be against the principle of personal jurisdiction. *See Curry*, 949 F. 3d at 398.

Since the eBay Stores run on a third-party website, the instant case is more similar to another case from this Circuit, *Noboa v. Barcelo Corporacion Empresarial, S.A.*, where no specific jurisdiction was found over the defendants because the transaction occurred on Orbitz.com, a third-party booking site with its headquarters in Chicago. No. 13 C 8966, 2015 WL 13050008 (N.D. Ill. Mar. 26, 2015). The *Noboa* Court explicitly distinguished the case from *Hemi Group* because the defendant in *Noboa* did not sell a product to Illinois residents through their own commercial website. *Id*. at *3-4. Plaintiff in this case has an even weaker case than *Noboa* because Orbitz.com was at least based in the forum state, whereas eBay.com is not headquartered in Illinois.

Consequently, even assuming Zou controls the eBay Stores, Plaintiff has not demonstrated that the eBay Stores purposefully directed their activities at the state of Illinois, which precludes the Court from asserting personal jurisdiction over Zou.

    **3.**    **Suit-Related Contacts and Fair Play and Substantial Justice**

Because Plaintiff fails to allege two of the three essential requirements for specific jurisdiction, his claim must fail. *Curry v. Revolution Laboratories*, 949 F.3d at 398 (quoting *Lexington Ins. Co. v. Hotai Ins. Co., Ltd.*, 938 F.3d 874, 878 (7th Cir. 2019)). The Court only briefly mentions the final requirement of the specific personal jurisdiction analysis, that the

exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Curry*, 949 F.3d at 395 (quoting *Int'l Shoe*, 326 U.S. at 316). In making this determination, courts consider: 1) the burden on the defendant, 2) the forum state's interest in adjudicating the dispute, 3) the plaintiff's interest in obtaining convenient and effective relief, 4) the interstate judicial system's interest in obtaining efficient resolution of the dispute, and 5) the shared interest of the states in furthering fundamental social policies. *Id*. (quoting *Purdue Research*, 338 F.3d at 781). These factors carry more weight when a defendant's forum-related contacts are relatively weak. *Id*. When a plaintiff presents an adequate showing of minimum contacts, "that showing is generally defeated only where the defendant" demonstrates that exercise of jurisdiction would be unreasonable due to other considerations. *Id*. (citing *Burger King*, 471 U.S. at 477).

The *Purdue Research* factors, along with Sun's failure to show minimum contacts, indicate that finding jurisdiction here in Illinois could offend traditional notions of fair play and substantial justice. Requiring Zou to litigate in a forum where he has zero contact, beside Plaintiff's lawsuit, would impose a tremendous burden on him, particularly since Zou is based in China. Lastly, even though Plaintiff claims that the eBay Stores excluded Guam, Puerto Rico, and U.S. Virgin Islands, while allowing products to be shipped into Illinois, she has not shown that the eBay Stores specifically targeted any Illinois consumer, which weakens Illinois's interest in adjudicating this dispute.

## II. Motion to Strike

Plaintiff also moves to strike some of the declarations and exhibits. (Dkt. 129). Since part of the declarations and exhibits at issue concern the personal jurisdiction claim, granting the motion to strike here is inappropriate. Motions to strike are generally disfavored because they "potentially serve only to delay." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286,

1294 (7th Cir. 1989). Additionally, the motion will be denied if "the allegations might serve to achieve a better understanding of the claim for relief or perform some other useful purpose in the just disposition of the litigation." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice And Procedure* § 1382 at 695–96 (2d ed. 1990).

Plaintiff argues that certain of Defendant's arguments, declarations, and exhibits at issue should be stricken because they were raised for the first time in the Reply brief. It is "well-settled that arguments first made in the reply brief are waived." *Tovar Snow Pros. Inc. v. ACE Am. Ins. Co.*, 20 C 1060, 2020 WL 5658705, at *1–2 (N.D. Ill. Sept. 23, 2020). However, the arguments, declarations, and exhibits found in Zou's Reply briefing relate to arguments raised in the initial motion to dismiss. The mootness argument made in Zou's reply is built upon the mootness argument made in Zou's initial memorandum, and therefore it is not a new argument. (Dkt. 123 at 7; Dkt. 96 at 9). Regarding the initial declaration letters, Zou has supplemented new declaration letters to alleviate plaintiff's concern about their credibility. (Dkt. 123-2; 123-5). Plaintiff maintains that Zou's newly-produced declaration letters should be stricken because they cured an "obvious deficienc[y]" that should have been rectified in the initial memorandum. (Dkt. 129 at 8). Nevertheless, as mentioned above, the original declaration letter does not have the fatal "obvious deficiency" as alleged by Plaintiff. Zou's declaration concerns his personal role in the eBay Stores, and therefore the declaration could be answered based on his own personal knowledge without making any inference.

Most importantly, the newly-introduced information relates to the personal jurisdiction claim and provides the Court with a more well-rounded picture. In any event, there are multiple basis for the Court to grant the Motion to Dismiss that do not rely upon the arguments and exhibits

that Plaintiff wishes to strike. Finally, it is not necessary for the Court to address the arguments on insufficient service of process because the focus of this motion is on personal jurisdiction.

## CONCLUSION

The Court lacks personal jurisdiction over Zou because he has shown that he does not operate the eBay Stores at issue, and he did not purposely avail himself of the privilege of doing business in Illinois. Because the Court does not have personal jurisdiction over Zou, the Motion to Dismiss (Dkt. 94) is granted. Plaintiff's Motion to Strike (Dkt. 129) is denied because Zou's briefing was appropriate.

_____
Virginia M. Kendall
United States District Judge

Date: May 6, 2021