# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SUN CHENYAN | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20-cv-00221 |
| | ) | |
| v. | ) | Judge Virginia M. Kendall |
| | ) | |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A" | ) ) ) ) | Magistrate Judge Jeffery Cummings |
| | ) | |
| Defendants. | ) | |

**XIN ZOU'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR FEES**

## I. INTRODUCTION

Xin Zou ("Mr. Zou") respectfully requests that this Court sanction Plaintiff and Plaintiff's counsel, Mr. L. Ford Banister, II ("Mr. Banister") pursuant to the Court's inherent authority and 28 U.S.C. § 1927. Throughout this litigation, Plaintiff through its counsel has exhibited bad faith and vexatious conduct by needlessly and frivolously multiplying the proceedings against Mr. Zou well after its case against him should have been dismissed.

Plaintiff's entire case against Mr. Zou was premised on the assumption that Mr. Zou owned and operated the eBay Stores "homesale_estore" and "tinaforyou" (collectively, the "Defendant eBay Stores") - Plaintiff provided no other basis for its claims against Mr. Zou. In no uncertain terms, Plaintiff told the Court that "Xin Zou and the Defendant eBay Stores are not separate entities or parties to this action. Rather, as the owner and registrant of the Defendant eBay Stores, Xin Zou is a sole proprietor. 'The only entity is the proprietor...two names for the same person. Either will do; both are better....'" [*See* Dkt. 115 at 5.] Yet after Plaintiff executed a Settlement Agreement with the Defendant eBay Stores, despite repeated requests by Mr. Zou's counsel to dismiss the case, Plaintiff's counsel continued to litigate against Mr. Zou for *months*. Thus, even though all claims against the Defendant eBay Stores were settled and released, which also would apply to Mr. Zou, Plaintiff perpetuated its case against Mr. Zou and forced continued participation in needless litigation proceedings.

Neither Mr. Zou nor this Court have unlimited resources. Yet both Mr. Zou and this Court were forced, as a result of Plaintiff's unreasonable and vexatious conduct, to expend considerable time and resources on this case. Mr. Zou has incurred significant costs, expenses, and attorneys' fees he should never have had to bear. As such, Mr. Zou is entitled to recover attorneys' fees under this Court's inherent authority and 28 U.S.C. § 1927.

## II. FACTUAL BACKGROUND

On July 30, 2020, Plaintiff filed an Amended Complaint, signed by Mr. Banister, alleging trademark infringement and counterfeiting, false designation of origin, copyright infringement, and a related Illinois state law cause of action. [Dkt. 71.] In its Amended Complaint, Plaintiff named Mr. Xin Zou and the Defendant eBay Stores as defendants. [Dkt. 71-3.] The basis for adding Mr. Zou was premised on discovery received months earlier from eBay on March 4, 2020, authenticating business records for eBay Members homesale_estore and tinaforyou. [Dkt. 27 at 4-5.] Below is summary timeline of relevant events:

- July 21, 2020 - Plaintiff began settlement discussions with the Defendant eBay Stores. [Lei Decl. ¶ 2.] Shortly after the settlement discussions began, Plaintiff added Mr. Zou as a defendant in its Amended Complaint, relying on discovery to tie Mr. Zou to the Defendant eBay Stores. [Dkt. 71]

- October 2020 - During settlement discussions, the Defendant eBay Stores provided Plaintiff's counsel with ownership information for the Defendant eBay Stores, which informed Plaintiff's counsel that Mr. Zou was not the owner of either store. [Lei Decl. ¶ 3.]

- December 18, 2020 - During counsels' conference between Plaintiff and Mr. Zou, issues of personal jurisdiction over Mr. Zou were discussed in which Plaintiff's counsel explained its jurisdictional basis relied on a relationship between Mr. Zou and the Defendant eBay Stores. Mr. Zou's counsel explained that Mr. Zou neither owned nor controlled the eBay Stores, and offered to provide a declaration to that effect. [Auito Decl. ¶ 2.]

- December 28, 2020 - Shortly after offering to settle with Mr. Zou [Auito Decl. ¶ 3.], Plaintiff and Defendant eBay Stores finalize and execute a settlement agreement that stipulated (a) the Defendant eBay Stores be dismissed with prejudice, and (b) that all claims against the Defendant eBay Stores arising out of alleged events in the lawsuit be released. [Lei Decl. ¶ 4.]

- January 1, 2021 - Only days after settling with the Defendant eBay Stores, Plaintiff served expedited discovery requests on Mr. Zou, including Interrogatories, Requests for Production of Documents, and Requests for Admission. [Auito Decl. ¶ 4, Ex. 1.]

- January 4, 2021 - Mr. Zou's counsel requested Plaintiff dismiss its claims against Mr. Zou, including because it was learned that Plaintiff had settled with the eBay Stores, so that any claims against Mr. Zou would have been released. Mr. Zou's counsel also explained there was no relationship between Mr. Zou and the eBay Stores. Mr. Zou's counsel also requested a two week extension of time to respond to Plaintiff's expedited discovery requests. [Auito Decl. ¶ 5, Ex. 2.]

- January 7, 2021 - The day after withdrawing its settlement offer with Mr. Zou [Auito Decl. ¶ 6.], Plaintiff refused to grant any extension of time to respond to its discovery requests and "challenged" Mr. Zou to file a motion seeking his dismissal. Plaintiff's counsel would not acknowledge Plaintiff's settlement with the eBay Stores. [Auito Decl. ¶ 7, Ex. 3.]

- January 17, 2021 - Plaintiff's counsel sent a discovery deficiency letter demanding discovery from Mr. Zou, and to meet and confer regarding its requested discovery. [Auito Decl. ¶ 9, Ex. 4.]

- January 21, 2021 - During a status conference, the Court learned of Plaintiff's settlement with the eBay Stores and that Plaintiff's counsel had not yet dismissed Plaintiff's claims against those defendants. The Court issued a docket order the same day and dismissed those defendants pursuant to the Parties reporting they had settled. [Dkt. 101.]

- February 5, 2001 - During a meet and confer with Plaintiff's counsel, counsel for Mr. Zou requested Plaintiff explain its basis for maintaining claims against Mr. Zou in light of Plaintiff's settlement with the Defendant eBay Stores. Plaintiff's counsel refused to discuss the issue. [Auito Decl. ¶ 10, Ex. 5.]

- February 12, 2021 - Plaintiff filed an opposition to the Motion to Dismiss seeking to continue its claims against Mr. Zou that were premised on a supposed relationship with the eBay Stores (asserting Mr. Zou and the Defendant eBay Stores were one and the same), despite previously having settled with those stores. [*See* Dkt. 115.] Plaintiff told the Court that "Xin Zou and the Defendant eBay Stores are not separate entities or parties to this action. Rather, as the owner and registrant of the Defendant eBay Stores, Xin Zou is a sole proprietor. 'The only entity is the proprietor...two names for the same person. Either will do; both are better....' [*Id*. at 5.]

- February 23, 2021 - Plaintiff sent Mr. Zou another discovery deficiency letter disregarding that Plaintiff had settled its claims against the Defendant eBay Stores. Plaintiff demanded additional discovery, including that Mr. Zou provide "a substantive response to Plaintiff's discovery letters prior to scheduling of a LR 37.2 conference." [Auito Decl. ¶ 11, Ex. 6.]

As noted in the timeline above, about five months after the Amended Complaint was filed, Mr. Banister and counsel for Mr. Zou, Mr. Derek Auito, communicated for the first time via videoconference. [Auito Decl. ¶ 2.] During this conference, Mr. Banister identified only one

jurisdictional basis for asserting the claims against Mr. Zou: Mr. Zou's supposed relationship with the Defendant eBay Stores. *Id.* Mr. Auito informed Mr. Banister that the Court lacked personal jurisdiction over Mr. Zou because, *inter alia*, the Defendant eBay Stores were separate legal entities neither owned nor controlled by Mr. Zou. *Id.* Mr. Auito offered to provide a written declaration affirming this; nevertheless, Mr. Banister refused to drop the case against Mr. Zou.

Importantly, at this time, and unbeknownst to Mr. Zou or his counsel, Plaintiff was close to finalizing its settlement negotiations with the Defendant eBay Stores. Less than two weeks after the videoconference, Plaintiff finalized the negotiations that had been on-going for five months, and executed a Settlement Agreement with the Defendant eBay Stores. [Lei Decl. ¶ 4.] Under Plaintiff's own interpretation of the relationship between Mr. Zou and the Defendant eBay Stores, the case should have ended there. Inexplicably, however, Mr. Banister proceeded with Plaintiff's case against Mr. Zou. Only days *after* signing the Defendant eBay Stores settlement, Plaintiff served expedited discovery requests directed to Mr. Zou including eleven interrogatories, twenty-one requests for production, and thirty requests for admission, all signed by Mr. Banister. Before responding to the discovery requests, Mr. Auito sent an email to Mr. Banister asserting that, for at least the reasons explained on the December 18 call, the Court lacked personal jurisdiction over Mr. Zou and thus Plaintiff's discovery requests were improper. [Auito Decl. ¶ 5, Ex. 2 (Auito Email dated Jan. 4, 2021).] Mr. Auito again explained that the Defendant eBay Stores were separate legal entities neither owned nor controlled by Mr. Zou. *Id.* Mr. Auito also informed Mr. Banister that since the December 18, 2020 videoconference Mr. Auito had learned that Plaintiff had settled with the Defendant eBay Stores and would be filing a Notice of Dismissal, thereby mooting Plaintiff's entire basis for suing Mr. Zou. *Id.* Mr. Auito therefore requested that Plaintiff voluntarily dismiss Mr. Zou from the lawsuit and informed Mr. Banister that, if Plaintiff did not dismiss the suit, Mr. Zou would "pursue all available remedies against Plaintiff." *Id.*

5

Mr. Auito also requested a two week extension of time for responding to the expedited discovery. *Id.*

In response, Mr. Banister refused to admit that Plaintiff had settled with the Defendant eBay Stores. [Auito Decl. ¶ 7, Ex. 3] ("[A]ssuming but not admitting that any agreement has been entered into . . ."). Mr. Banister acknowledged Mr. Zou's position regarding this Court's lack of jurisdiction over him, but refused to dismiss the suit, and refused to agree to an extension of time for Mr. Zou to respond to the expedited discovery responses, which were due the following day. *Id.* Instead, Mr. Banister indicated his intent to multiply the proceedings, noting that Plaintiff was "eager to prevail on the merits of the case and so to defeat Xin Zou," and insisted that the evidence showed that Mr. Zou "alone [was] the registrant and legal owner of at least the two aforementioned eBay stores."[1] *Id.* Mr. Banister then continued to assert that Mr. Auito had made "baseless, irresponsible and unprofessional allegations," and taunted Mr. Auito, stating:

> This is what is colloquially, and sometimes, in fact, in opinions rendered by the Seventh Circuit, referred to as a "put up or shut up moment." More colloquially put in terms that I do not believe can possibly be misunderstood and which are appropriate to the circumstances: **BRING. IT. ON.** Get to it. *I dare you*. Give me something to sink my teeth into. Do not deny me the opportunity to take this controversy out front where I may have the satisfaction of kicking your baseless, irresponsible assumptions and allegations into the ground. If no formal allegation is promptly forthcoming, it is fair for it to be assumed by all, including the Court, as shown by the record, that this allegation of wrongdoing is completely and knowingly made without basis and, further, that Xin Zou's counsel must surely be incapable of filing, much less prevailing on such a motion. *Now just what are you waiting for, sir?*

---

[1] Mr. Banister made this representation despite the fact that, during settlement discussions, counsel for the Defendant eBay Stores provided evidence of ownership, establishing that Mr. Zou was not the owner of those stores. *See* Lei Decl. ¶ 3.

*Id.* (emphasis added). Mr. Banister subsequently stated that Mr. Auito should "convey to his client Xin Zou, that his misconduct here has severely damaged Xin Zou's ability to resolve the case with Plaintiff through settlement." *Id.* And so, the proceedings against Mr. Zou continued.

After Mr. Zou responded to the expedited discovery requests, Mr. Banister sent Mr. Auito a nine-page single-spaced discovery deficiency letter, to which Mr. Auito was forced to respond. Indeed, in addition to responding to discovery requests and deficiency letters, including after Plaintiff settled with the Defendant eBay Stores, counsel for Mr. Zou was forced to (a) file a motion to dismiss; (b) respond to numerous pleadings filed by Plaintiff; (c) participate in hearings; (d) correspond with Plaintiff's counsel; (e) participate in meet-and-confers regarding discovery disputes;[2] (f) contribute to Joint Status Reports on Discovery [Dkts. 128, 147, 156]; (g) participate in a Rule 26(f) conference; and (h) coordinate a Joint Motion to Stay and Extend Fact Discovery. [Dkts. 145, 146.]

As Plaintiff was unwilling to voluntarily dismiss its case, Mr. Zou filed his motion to dismiss, along with supporting memoranda and a motion for leave to file under seal. [Dkts. 93-96.] The following day, during a status conference, the Court officially dismissed the Defendant eBay Stores from suit due to the settlement. [Dkt. 101.] Specifically, at the hearing the Court instructed Plaintiff to file a stipulation to dismiss the Defendant eBay Stores, indicating that Plaintiff could not "hold up people after settlement for two weeks." [Dkt. 104 at 11:23-12:4.] When Plaintiff's counsel, Mr. Charles McElvenny, informed the Court that Plaintiff intended to file an amended complaint, the Court noted, "[n]o. You settled with [counsel for the Defendant

---

[2] During a February 5, 2021 meet-and-confer, Mr. Banister not only refused to discuss why discovery was relevant in view of Plaintiff's settlement with the Defendant eBay Stores, but yelled at Mr. Auito and acted in a matter not conducive to a meet-and-confer, ultimately hanging-up after ten minutes. [Auito Decl. ¶ 10.]

7

eBay Stores] . . . I'm going to dismiss [the Defendant eBay Stores] because you have both agreed that [counsel for the Defendant eBay Stores] settled. *We're not going to play that game. She settled, she's out*." *Id.* at 12:5-17. (emphasis added). Mr. Banister was certainly privy to the Court's statements.

Although the Defendant eBay Stores were no longer involved in the suit, Plaintiff still proceeded to litigate against Mr. Zou. For example, Plaintiff responded to Mr. Zou's motion to dismiss and maintained that Mr. Zou was the "sole proprietor" of the Defendant eBay Stores, and specifically represented that "Xin Zou and the Defendant eBay Stores [were] not separate entities or parties to this action." [Dkt. 115 at 5.] Mr. Banister knew, or at least should have known, that these arguments were wrong. During the negotiations with the Defendant eBay Stores, Plaintiff was informed that Mr. Zou was not the owner of the Defendant eBay Stores as Mr. Banister urged in Plaintiff's opposition brief. [*See* Lei Decl. ¶ 3.] Moreover, instead of addressing the merits of the declarations in support of Mr. Zou's motion to dismiss establishing that the relationship Plaintiff urged was wrong, Plaintiff sought to strike those declarations. [Dkt. 129.] Nor did Plaintiff address the fact that the Defendant eBay Stores were dismissed. This necessitated further reply from Mr. Zou. [Dkt. 136.] Still, instead of dismissing the suit, Mr. Banister sought to avoid the facts and filed a motion to strike the arguments and evidence from Mr. Zou's reply, further multiplying the proceedings. [Dkts. 129, 130.] Mr. Zou was forced to then responded to Plaintiff's additional motion to strike. [Dkt. 136.] Ultimately, almost five months after Plaintiff signed the settlement agreements with the Defendant eBay Stores, this Court ruled in favor of Mr. Zou with respect to both his motion to dismiss and Plaintiff's motion to strike, and dismissed Mr. Zou from this suit. [Dkt. 158.]

## III. SANCTIONS ARE WARRANTED UNDER 28 U.S.C. § 1927

Under 28 U.S.C. § 1927, an "attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." This Court has held that "sanctions against an attorney are warranted under Section 1927 where that attorney has acted in an objectively unreasonable manner by engaging in a 'serious and studied disregard for the orderly process of justice' or where a 'claim [is] without a plausible legal or factual basis and lacking in justification.'" *Cavelle v. Chicago Transit Auth.*, No. 17-CV-5409, 2020 WL 133277, at *3 (N.D. Ill. Jan. 13, 2020) (internal citations omitted). Notably, "[b]efore imposing sanctions, a court must find that 'the culpable party willfully abused the judicial process or otherwise conducted the litigation in bad faith.'" *Id.* at *4 (internal quotation marks and citations omitted). "'Bad faith' or 'vexatious' conduct, in both the inherent power and § 1927 contexts, does not require subjective bad intent; certain types of reckless conduct can suffice." *Id.* For example, "[i]f a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious." *Id.* at 3. (internal quotation marks and citations omitted). Such is the case here.

As indicated above, Plaintiff's claims against Mr. Zou were entirely predicated on the assumption that Mr. Zou owned and operated the Defendant eBay Stores. As an initial matter, Mr. Banister knew, or at least should have known, at least as early as settlement discussions with the Defendant eBay Stores, that Mr. Zou did not own or operate these stores.[3] Nevertheless,

---

[3] As best stated by this Court, Plaintiff and her counsel "had the opportunity to acquire ownership information of the eBay Stores involved in this case" during these "settlement negotiations with the eBay store defendants." [Dkt. 158 at 8-9.] As such, a reasonable attorney would have known that Mr. Zou did not own or operate the Defendant eBay Stores at least as early as the settlement discussions. Nevertheless, Plaintiff and Mr. Banister continued to litigate against Mr. Zou, even

9

Plaintiff and its counsel continued to litigate against Mr. Zou under the untenable legal theory that Mr. Zou and the Defendant eBay Stores were the *same parties*. Accordingly, when Plaintiff settled with the Defendant eBay Stores, Plaintiff should have likewise dismissed the claims against Mr. Zou, as they were no longer viable. *See, e.g., Jolly Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) ("We have also interpreted § 1927 'to impose a continuing duty upon attorneys to dismiss claims that are no longer viable.'") (internal citation omitted).

Yet, as highlighted above, despite having settled with the Defendant eBay Stores, Mr. Banister continued to unreasonably and vexatiously multiply the proceedings against Mr. Zou for *months*. For example, only days after Mr. Banister had settled with the Defendant eBay Stores, Mr. Banister served expedited discovery requests on Mr. Zou, forcing him to incur excess costs to respond. Also after having settled with the Defendant eBay Stores, Mr. Banister invited Mr. Zou to file a motion to dismiss, which, in effect, multiplied the proceedings against him with unnecessary motion practice. In fact, Mr. Banister not only invited Mr. Zou to file a motion to dismiss and continue proceedings, but outlandishly *demanded* that Mr. Zou "BRING. IT. ON. Get to it. I dare you. Give me something to sink my teeth into. Do not deny me the opportunity to take this controversy out front where I may have the satisfaction of kicking your baseless, irresponsible assumptions and allegations into the ground." [Auito Decl. ¶ 7, Ex. 3.] Mr. Banister's actions further shut down any possibility of early resolution, thereby unilaterally escalating the lawsuit. Mr. Banister threatened ongoing litigation, indicating that Mr. Auito should

---

though (a) Plaintiff's claim that this Court could "properly assert personal jurisdiction over [Mr. Zou] was not well grounded in fact;" (b) Plaintiff's counsel "ignored facts revealed through reasonable inquiry;" and (c) Plaintiff's counsel "perpetuated his misconduct through the filing of numerous memoranda well after his errors were revealed to him." *See Levine v. F.D.I.C.*, 2 F.3d 476, 478 (2d Cir. 1993) (quoting and adopting recommendation) (affirming sanctions). Therefore, for at least these reasons, Mr. Banister's conduct is sanctionable.

10

"convey to his client Xin Zou, that his misconduct here has severely damaged Xin Zou's ability to resolve the case with Plaintiff through settlement." *Id*. As such, Mr. Banister's actions directly and proximately caused Mr. Zou to expend excess resources litigating this case, including resources directed to various court filings, hearings, and meet-and-confers, as detailed above.

At least since Plaintiff settled with the Defendant eBay Stores, "[a]ny reasonably careful attorney would [have] know[n] not to pursue this obviously unsound path" against Mr. Zou, considering that (a) the settlement agreement would obviate any claims against Mr. Zou *under Plaintiff's own legal theory*, and (b) Plaintiff failed to identify any other legal theory or jurisdictional basis for Mr. Zou. *See Dal Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 614–15 (7th Cir. 2006). Yet, Mr. Banister, apparently seeking a second bite at the settlement apple, vexatiously multiplied the proceedings and continued to litigate against a party with whom he had already allegedly settled. In other words, Mr. Banister knowingly pursued claims without a plausible legal or factual basis and lacking in justification. For these reasons alone, Mr. Banister's conduct was objectively unreasonable and vexatious and, thus, warrants sanctions under § 1927.

In that respect, under Plaintiff's legal theory, Plaintiff was effectively litigating claims that were already settled and released, and thus, precluded from remaining in the lawsuit. For example, even *after* the Court officially dismissed the Defendant eBay Stores from the lawsuit on January 21, 2020 due to the settlement, Plaintiff and its counsel *still* responded to Mr. Zou's motion to dismiss *specifically asserting* that Mr. Zou "and the Defendant eBay Stores [were] *not separate entities* or parties to this action." [Dkt. 115 at 5] (emphasis added). As such, Mr. Banister's continued litigation of these claims was therefore akin to litigating claims barred by claim preclusion. Accordingly, the fact that Mr. Banister continued to litigate against Mr. Zou, not only after settling with the Defendant eBay Stores, but also after the Court dismissed the Defendant eBay Stores from the suit, further warrants sanctions under § 1927. *See Med. Supply Chain, Inc.*

11

*v. Neoforma, Inc.*, 419 F. Supp. 2d 1316, 1333 (D. Kan. 2006) ("[P]laintiff's insistence on re-litigating claims barred by claim preclusion 'unreasonably and vexatiously' 'multiplies the proceedings' in violation of § 1927.")

In light of the foregoing, Mr. Zou requests that the Court sanction Plaintiff and its counsel in an amount commensurate with his attorney's fees in this action since October 2020, when Plaintiff was or should have been aware that Mr. Zou did not own or control the Defendant eBay Stores and, at least since December 28, 2020, when Plaintiff finalized the Settlement Agreement with Defendant eBay Stores. As explained above, all of Mr. Zou's "fees, costs and expenses were incurred as a direct and proximate result of [Plaintiff's counsel's] violation[] of . . . 28 U.S.C. § 1927 in this case." *Sub Zero Franchising, Inc. v. Frank Nye Consulting, LLC*, No. 2:15-CV-00821-BSJ, 2018 WL 1999093, at *4 (D. Utah Apr. 27, 2018). Accordingly, "[s]uch sanctions are necessary to compensate [Mr. Zou] for the abusive litigation tactics of [Plaintiff's counsel], including in forcing [Mr. Zou] to defend against claims and allegations" that should have been dismissed no later than December 28, 2020. *See Id.* Indeed, "[s]uch sanctions are warranted to compensate [Mr. Zou] for the fees and expenses incurred due to [Plaintiff's counsel's] unreasonable and vexatious multiplication of proceedings in this case. Such sanctions are necessary to reimburse [Mr. Zou] for [his] out of pocket costs and to make [him] whole." *Id.*

## IV. SANCTIONS ARE WARRANTED UNDER THE COURT'S INHERENT AUTHORITY

This Court should also find that sanctions are warranted under its inherent authority. "District courts have inherent authority to sanction parties that have 'willfully abused the judicial process or otherwise conducted litigation in bad faith.'" *Life After Hate, Inc. v. Free Radicals Project, Inc.*, No. 18 C 6967, 2020 WL 5848429, at *4 (N.D. Ill. Oct. 1, 2020) (Kendall, J.) (internal citation omitted); *see also Johnson v. Cherry*, 422 F.3d 540, 548-49 (7th Cir. 2005) ("[A] court has the inherent authority to impose sanctions for actions taken 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'") (internal citation omitted).

"Courts may exercise this authority 'not merely to remedy prejudice to a party, but also to reprimand the offender and to deter future parties from trampling upon the integrity of the court.'" *Life After* Hate, 2020 WL 5848429 at *4 (internal citation omitted). "Although part of a court's consideration should be on the impact or effect that the conduct had on the course of the litigation, there is no requirement that the district court find prejudice." *Cavelle*, 2020 WL 133277 at *3 (internal quotation marks and citations omitted). Indeed, as explained above, certain types of reckless conduct can suffice to support a finding of bath faith for purposes of sanctions. *Id.* at *4. Notably, "[s]anctions issued under the Court's inherent authority" may include "the award of attorneys' fees." *Life After Hate*, 2020 WL 5848429 at *4.

"The Court's inherent power extends to misconduct by a party's lawyers." *Cavelle*, 2020 WL 133277 at *3. Similarly, "[a]ttorneys can be sanctioned pursuant to the Court's inherent authority." *Twyman v. S&M Auto Brokers*, No. 16 C 4182, 2018 WL 1519159, at *5 (N.D. Ill. Mar. 28, 2018) (Kendall, J.), *aff'd sub nom*, *Twyman v. S & M Auto Brokers, Inc.*, 748 F. App'x 705 (7th Cir. 2019). As already explained above, Mr. Banister's conduct on behalf of Plaintiff was highly unreasonable and vexatious. For example, Plaintiff continued to litigate claims against

13

a defendant that it should have known were unfounded, and even if the claims were proper—which they were not—they were already released due to settlement. As such, Plaintiff conducted this litigation in bad faith by recklessly pursing claims that a reasonably careful attorney would have known to be unsound. *See, e.g.*, *Dal Pozzo*, 463 F.3d at 614 ("If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious.") (internal quotation marks and citations omitted). Therefore, whether or not this Court finds that sanctions are warranted under § 1927, it should award Mr. Zou his attorney's fees under its inherent authority.

## V. CONCLUSION

In view of the foregoing, this Court should grant Mr. Zou's motion for fees.

Dated: August 18, 2021

Respectfully submitted,

DENTONS US LLP

/s/ *Derek Auito*
Derek A. Auito *(pro hac vice)*
Dentons US LLP
1900 K Street, NW
Washington, DC 20006
Phone: (202) 496 7102
Fax: (212) 496-7756
derek.auito@dentons.com

Clayton Faits
Dentons US LLP
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606
Phone: (312) 876-8000
Fax: (312) 876 7934
clayton.faits@dentons.com
*Attorneys for Defendant Xin Zou*