```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION

CHENYAN SUN,                          )  Docket No. 20 C 00221
              Plaintiff,              )  Chicago, Illinois
                                      )  September 16, 2021
         v.                           )  10:34 a.m.
                                      )
THE PARTNERSHIPS AND                  )
UNINCORPORATED ASSOCIATIONS           )
IDENTIFIED ON SCHEDULE A,             )
              Defendants.             )


                      TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE VIRGINIA M. KENDALL
```

APPEARANCES:   **(VIA VIDEOCONFERENCE)**

| | |
|---|---|
| For the Plaintiff: | LAW OFFICES OF CHARLES E. McELVENNY by<br>MR. CHARLES EDWARD McELVENNY<br>120 North LaSalle Street, Suite 1200<br>Chicago, Illinois  60602 |
| | FORD BANISTER IP by<br>MR. LARRY FORD BANISTER II<br>305 Broadway, Floor 7<br>New York, New York  10007 |
| | PATTERSON LAW FIRM by<br>MR. MICHAEL DEMURI HAEBERLE<br>200 West Monroe Street, Suite 2025<br>Chicago, Illinois  60606 |
| For Defendant<br>Xin Zou: | DENTONS US LLP by<br>MR. DEREK A. AUITO<br>MR. TYLER R. GOODWYN IV<br>1900 K Street, NW<br>Washington, DC  20006 |
| Court Reporter: | GAYLE A. McGUIGAN, CSR, RMR, CRR<br>Federal Official Court Reporter<br>219 South Dearborn, Room 2504<br>Chicago, Illinois 60604<br>(312) 435-6047<br>Gayle_McGuigan@ilnd.uscourts.gov |

|        |    |                                                                         |
|--------|----|-------------------------------------------------------------------------|
|        | 1  | (Proceedings had via videoconference as follows:)                       |
|        | 2  | THE CLERK: 20 C 221, Sun versus The Partnerships.                       |
|        | 3  | Please present yourself, starting with plaintiff's counsel.             |
|        | 4  | MR. BANISTER: Good morning, your Honor. Ford                            |
| 8:47AM | 5  | Banister for the plaintiff Sun Chenyan.                                 |
|        | 6  | THE COURT: Good morning.                                                |
|        | 7  | UNIDENTIFIED SPEAKER: Good morning, your Honor --                       |
|        | 8  | (Unintelligible crosstalk.)                                             |
|        | 9  | MR. McELVENNY: Good morning, your Honor. Charles                        |
| 8:47AM | 10 | McElvenny for plaintiff.                                                |
|        | 11 | THE COURT: Okay, I think --                                             |
|        | 12 | MR. HAEBERLE: Michael Haeberle, also for the                            |
|        | 13 | plaintiff.                                                              |
|        | 14 | THE COURT: Good morning.                                                |
| 8:48AM | 15 | MR. GOODWYN: Good morning, your Honor. This is Tyler                    |
|        | 16 | Goodwyn for defendant Xin Zou.                                          |
|        | 17 | THE COURT: Good morning.                                                |
|        | 18 | (Pause in proceedings.)                                                 |
|        | 19 | THE COURT: I see one more. Don't I have one more?                       |
| 8:48AM | 20 | MR. GOODWYN: You do. And perhaps it's Mr. Auito. He                     |
|        | 21 | may be muted, but Mr. Auito is also representing --                     |
|        | 22 | MR. AUITO: Oh, I'm sorry. I was on mute. Apologize                      |
|        | 23 | for that. This is Derek Auito on behalf of defendant Xin Zou.           |
|        | 24 | THE COURT: Okay, good morning.                                          |
| 8:48AM | 25 | Mr. McElvenny -- did I hear Mr. McElvenny online?                       |

| | | |
|---|---|---|
| 8:48AM | 1 | MR. McELVENNY: You did. |
| | 2 | THE COURT: I thought he withdrew from this. Am I |
| | 3 | mistaken about that? |
| | 4 | MR. McELVENNY: You -- I did not withdraw, Judge. |
| 8:48AM | 5 | THE COURT: Okay. Maybe it was something else. |
| | 6 | All right. So we are here on the defendant's motion, |
| | 7 | so let me hear from defense counsel first, please. |
| | 8 | MR. GOODWYN: Thank you, your Honor. And good |
| | 9 | morning. |
| 8:49AM | 10 | THE COURT: Good morning. |
| | 11 | MR. GOODWYN: After reviewing plaintiff's opposition |
| | 12 | that was filed last Friday, it seems that the dispute really |
| | 13 | boils down to two issues. |
| | 14 | Plaintiff's position now depends on two interrelated |
| 8:49AM | 15 | arguments. |
| | 16 | The first argument is that the eBay stores are sole |
| | 17 | proprietorships, and they're owned by individuals. |
| | 18 | And the second argument is that plaintiff settled with |
| | 19 | those individuals and not the stores. |
| 8:49AM | 20 | Both of these arguments, however, are contradicted by |
| | 21 | the facts of this case. |
| | 22 | If we look, for example, at some of the documents that |
| | 23 | defendant attached to their opposition, there's an email on |
| | 24 | page ID 3916, which is document 196-3, and it was a sequence of |
| 8:50AM | 25 | emails. And on November 23rd of 2020, the eBay store's counsel |

8:50AM 1 informed plaintiff's counsel that they were not representing
2 the individuals listed in Schedule A, but, instead, were
3 representing the stores, and also stated that the stores were
4 owned by two companies that were identified in their discovery
8:50AM 5 responses.
6 So it's not that eBay stores are sole proprietorships,
7 but they're, in fact, separate legal entities owned by
8 companies.
9 And, in fact, it's not just this email. If we look at
8:50AM 10 the settlement agreements themselves, which there was an
11 Exhibit 1 to the opposition, and on page ID 3888 of document
12 196-1, there's the signature page of the settlement
13 agreement -- of one of the settlement agreements, including
14 homesale estore, and the agreement signature shows the company
8:51AM 15 Guangzhou Manbei Clothing as the owner of the stores. So the
16 settlement agreement itself sets forward that the owners of the
17 eBay stores listed on page 3888 are Guangzhou Manbei Clothing.
18 And, likewise, on Exhibit 2 to their opposition document 196-2
19 on page ID 3894, that identifies another company as the owner
8:51AM 20 of tinaforyou.
21 So the eBay stores are not sole proprietorships, and
22 it's clear that the plaintiff was aware that eBay stores were
23 owned instead by specific identifying companies.
24 THE COURT: Mr. Goodwyn, could you give me the dates
8:52AM 25 of the emails and of the settlements so we have a sense of when

| | | |
|---|---|---|
| 8:52AM | 1 | they occurred, please? |
| | 2 | MR. GOODWYN: Yes, certainly. The email that was -- |
| | 3 | that I referred to earlier on page 3916 was sent on Monday, |
| | 4 | November 23rd, 2020. |
| 8:52AM | 5 | THE COURT: Okay. And then the settlement agreement? |
| | 6 | MR. GOODWYN: The settlement agreements were both |
| | 7 | signed on December 28th, 2020. |
| | 8 | THE COURT: Okay. And then what was the communication |
| | 9 | from you -- your client, rather, to plaintiff's counsel |
| 8:52AM | 10 | regarding your position within this case? |
| | 11 | MR. GOODWYN: I believe that was set forth in our |
| | 12 | motion to dismiss. And perhaps Mr. Auito might refer -- |
| | 13 | remember it more clearly, but there was a communication early |
| | 14 | in the discussion where Mr. Auito informed plaintiff's counsel |
| 8:53AM | 15 | that Mr. Zou was not associated and did not own the eBay stores |
| | 16 | and that they were separate entities and was willing to provide |
| | 17 | a declaration to that effect. |
| | 18 | THE COURT: When was that, Mr. Auito? |
| | 19 | MR. AUITO: I believe that started on December 18th. |
| 8:53AM | 20 | I think that was my first communication. |
| | 21 | THE COURT: Okay. |
| | 22 | MR. GOODWYN: Actually, in the motion for fees, the |
| | 23 | current pending motion, which is document ID 180, on page ID |
| | 24 | 3542, there's a third bullet point that identifies to counsel |
| 8:54AM | 25 | between plaintiff and Xin Zou on December 18. |

| | | |
|---|---|---|
| 8:54AM | 1 | THE COURT: Okay. |
| | 2 | MR. GOODWYN: Not only are the eBay stores owned by a |
| | 3 | company, not sole proprietorships, but it's also clear that |
| | 4 | plaintiff settled with the eBay stores. The argument that |
| 8:54AM | 5 | they're making now is raised for the first time in their |
| | 6 | opposition to the fees motion, and it's inconsistent with the |
| | 7 | facts. |
| | 8 | Looking again at the settlement agreements themselves, |
| | 9 | on the first page of the settlement agreement, which is |
| 8:54AM | 10 | document I -- for one of them for the homesale estore store |
| | 11 | front, which is Tab 1, Docket 196-1, page ID 3884, plaintiff in |
| | 12 | its motion, its opposition, refers to the text in the first |
| | 13 | paragraph at the top of the settlement agreement. But |
| | 14 | immediately after that text, there's a listing of -- there's |
| 8:55AM | 15 | three tables. And in each of those tables -- the first table |
| | 16 | identifies the store names. And on page 3884, there are four |
| | 17 | store names, and there's a number to the left-hand side. And |
| | 18 | that number on the left-hand side represents the defendant's |
| | 19 | number in Schedule A that plaintiff had prepared to identify |
| 8:55AM | 20 | the defendants in the case, and then there were individuals |
| | 21 | with similar numbers, and then there's a party not listed on |
| | 22 | Schedule A, which is a company name. |
| | 23 | Immediately after that table, there's a parenthetical |
| | 24 | comment that says, "Collectively referred to herein as |
| 8:56AM | 25 | defendant." That parenthetical refers to all of the parties |

8:56AM 1  listed above. That includes the stores, the individuals, and
2  the company. And the release, which is on page 3885, in
3  paragraph 3, indicates that the plaintiff "hereby releases,
4  acquits, and forever discharges the defendant named herein from
8:56AM 5  any and all claims, demands, actions, and causes of action for
6  attorneys' fees, costs," et cetera. So the defendant included
7  these eBay stores, and it specifically sets that forth in the
8  settlement agreement.
9      And not only does the settlement agreement identify
8:56AM 10 that the stores are part of the settlement, but that's what the
11 parties understood as well.
12     I mentioned earlier the email from the eBay stores'
13 counsel that they didn't represent the individuals, they only
14 represented the stores, and that a different company owned the
8:57AM 15 stores themselves, not individuals.
16     There's another email from the eBay stores' counsel,
17 and that's on page 3908 of Docket 196-3, which was attached to
18 plaintiff's -- yeah, plaintiff's opposition on Friday, and
19 there plaintiff had proposed dividing up the amount of
8:57AM 20 settlement between two -- in two settlement agreements equally,
21 and eBay stores' counsel said, no, we're not going to break it
22 up equally, we're going to pay -- for one agreement is for
23 25,000 because it's only for two stores, and the other is for
24 50,000 because it's for four stores. So it shows that even the
8:58AM 25 settlement agreement amounts were divided up based on the

8:58AM  1   settlement for the number of stores that were being used.
        2       Also the parties showed that they were intending the
        3   settlement to be with the stores. During a status conference,
        4   the telephone status conference with this Court on January 21st
8:58AM  5   of 2021, Mr. McElvenny, on page 4, beginning at line 4,
        6   indicated, on line 6 and 7, "We have a settlement with the
        7   group represented by Ms. Lei."
        8       Well, as we mentioned earlier, Ms. Lei had said she
        9   represented stores, not the individuals.
8:58AM  10      And further in the status conference, on page 11,
        11  Ms. Lei specifically says, beginning on line 10, "Yes, I do
        12  have something to add about that. So I represent six stores
        13  and we -- actually, we settled with plaintiff about three weeks
        14  ago, and actually settlement agreement was signed, and the
8:59AM  15  money was transferred, everything."
        16      So, again, Ms. Lei represented the stores.
        17  Plaintiff's counsel said that there was a settlement agreement
        18  with Ms. Lei's represented parties.
        19      And then this Court said -- directed Mr. McElvenny, on
8:59AM  20  line 24 at page 11, "Mr. McElvenny, file the stipulation to
        21  dismiss pursuant to settlement, her six clients, by tomorrow,
        22  the 22nd of January."
        23      So there was never any indication or any position or
        24  any argument taken that plaintiff did not settle with the
8:59AM  25  stores. In fact, it's just the opposite. The facts show that

| | | |
|---|---|---|
| 8:59AM | 1 | they did settle with the stores. |
| | 2 | If you look at the notification of docket entry, which |
| | 3 | is document ID Number 101, dated January 21st of 2021, it |
| | 4 | includes defendants of "Brise32, homesale_estore, liangn__zn, |
| 9:00AM | 5 | tinaforyou," and a couple of others, "are dismissed pursuant to |
| | 6 | parties reporting they have settled."  It specifically |
| | 7 | identifies the eBay stores as the parties that have settled. |
| | 8 | Similarly, in document ID Number 158, which is the |
| | 9 | Court's Memorandum Opinion and Order regarding Mr. Zou's motion |
| 9:00AM | 10 | to dismiss for lack of jurisdiction, on page 3 of 14, which is |
| | 11 | page ID 3343, the Court notes that:  "On January 27th, Sun |
| | 12 | settled with all of eBay marketplace defendants which were |
| | 13 | subsequently dismissed from the lawsuit.  These eBay |
| | 14 | marketplace defendants include tinaforyou and homesale stores, |
| 9:01AM | 15 | collectively, the eBay stores, both of which list Mr. Zou as a |
| | 16 | registrant." |
| | 17 | So it's clear that plaintiff's counsel, eBay stores' |
| | 18 | counsel, and this Court all operated under the understanding |
| | 19 | that plaintiff had settled with the eBay stores. |
| 9:01AM | 20 | The facts support and show, including the agreement |
| | 21 | itself, that plaintiff settled with the stores. |
| | 22 | So this new argument that they didn't settle with the |
| | 23 | stores was specifically crafted to justify plaintiff's actions |
| | 24 | as recent; but just as the argument that the stores were sole |
| 9:01AM | 25 | proprietorships and that the settlement was not with the stores |

| | | |
|---|---|---|
| 9:01AM | 1 | falls, so does plaintiff's position regarding the |
| | 2 | reasonableness of its action because it depended on the fact |
| | 3 | that there was no settlement with Mr. Zou because there's no |
| | 4 | settlement with the stores.  And so that's only assuming that |
| 9:02AM | 5 | Mr. Zou was indeed associated with the stores.  But during the |
| | 6 | settlement discussions with the stores, Mr. Zou -- or, excuse |
| | 7 | me, plaintiffs learned that their premise of adding Mr. Zou was |
| | 8 | incorrect.  They learned that Mr. Zou did not own the stores. |
| | 9 | They learned that they were, instead, owned by a company.  They |
| 9:02AM | 10 | learned that Mr. Zou was, in fact, taken out of any settlement |
| | 11 | agreement because he wasn't represented and associated with the |
| | 12 | stores.  That was in December of 2020.  Two months later, |
| | 13 | however, in their opposition to the motion to dismiss for |
| | 14 | jurisdiction, they maintained their position saying that |
| 9:02AM | 15 | Mr. Zou was indeed the same as the stores, and so, therefore, |
| | 16 | jurisdiction was proper.  I mean, never any other basis for |
| | 17 | jurisdiction, only that he was associated with the stores.  But |
| | 18 | that was known to be incorrect.  It was known that the eBay |
| | 19 | stores were owned by companies and not by Mr. Zou. |
| 9:03AM | 20 | So his action -- the plaintiff's actions have -- were |
| | 21 | unreasonable at the time of the settlement agreements because |
| | 22 | they learned that there was no basis for jurisdiction with |
| | 23 | Mr. Zou, yet they continued to argue that there was |
| | 24 | jurisdiction over Mr. Zou assuming facts that were |
| 9:03AM | 25 | contradictory to their own settlement agreements.  Even -- |

| | | |
|---|---|---|
| 9:03AM | 1 | THE COURT: So what happened between December and May |
| | 2 | that is the basis for you seeking the sanctions of the attorney |
| | 3 | fees for what you have said is essentially not just an |
| | 4 | unreasonable but a harassment of your client? |
| 9:03AM | 5 | MR. GOODWYN: Well, first, in October -- during the |
| | 6 | settlement discussions with eBay stores, plaintiff learned that |
| | 7 | the association with -- between Mr. Zou -- supposed association |
| | 8 | between Mr. Zou and the eBay stores was not correct, and so, |
| | 9 | therefore, there was no basis for jurisdiction for Mr. Zou, and |
| 9:04AM | 10 | they should have dropped the case at that point, knowing that |
| | 11 | there was no jurisdiction, should have dropped the case. |
| | 12 | Even if you were to assume there was jurisdiction -- |
| | 13 | which there wasn't, because the only sole basis was gone -- |
| | 14 | when they settled with the store, they released the store; and |
| 9:04AM | 15 | if Mr. Zou was indeed the owner of the store, he, too, was |
| | 16 | released. So any actions continuing to assert after |
| | 17 | December 28th are also unreasonable because they were then |
| | 18 | forcing Mr. Zou to continue fighting the case after they |
| | 19 | supposedly settled with the store, which was the basis for them |
| 9:05AM | 20 | bringing it in the first place. |
| | 21 | THE COURT: And specifically what were those actions? |
| | 22 | MR. GOODWYN: Those actions I believe we set forth in |
| | 23 | our motion and included -- included the discovery, responding |
| | 24 | to discovery. It included participating in meet-and-confers. |
| 9:05AM | 25 | It included participating in status conferences. Included |

| | | |
|---|---|---|
| 9:05AM | 1 | filing the motion to dismiss in the first place when there was |
| | 2 | no reasonable basis, including the requirement to file this |
| | 3 | motion for fees.  So there were a number of acts that were |
| | 4 | required as a result of this continued litigation. |
| 9:05AM | 5 | THE COURT:  When did the conversation take place that |
| | 6 | is on page 6?  And how is it that you have a direct quote of |
| | 7 | it? |
| | 8 | MR. GOODWYN:  On page 6 of? |
| | 9 | THE COURT:  Of your motion.  The "bring it on, I dare |
| 9:06AM | 10 | you" conversation. |
| | 11 | MR. GOODWYN:  That was an email from Mr. Banister to |
| | 12 | Mr. (indecipherable) |
| | 13 | COURT REPORTER:  I'm sorry, to Mr.? |
| | 14 | THE COURT:  And when was that? |
| 9:06AM | 15 | COURT REPORTER:  I'm sorry, Judge, to interrupt. |
| | 16 | "That was an email from Mr. Banister to"? |
| | 17 | MR. GOODWYN:  Mr. Auito.  I'm trying to see if -- |
| | 18 | THE COURT:  Did you attach the email or just quote it? |
| | 19 | MR. GOODWYN:  Well, I know that -- I'm looking at the |
| 9:06AM | 20 | declaration of Mr. Auito that was attached, and I don't see |
| | 21 | that it had the email itself attached. |
| | 22 | Derek, do you recall? |
| | 23 | MR. AUITO:  Yeah, I'm looking for it.  It was included |
| | 24 | as part of the record. |
| 9:07AM | 25 | THE COURT:  Is it?  Okay.  I'll go back and look at |

**9:07AM** 1  the exhibits again.

2  So in sanctions you're seeking all of the attorneys'
3  fees and costs from December until now?  Is that what your
4  motion is for?

**9:07AM** 5  MR. GOODWYN:  We're seeking at least from
6  December 28th, from the settlement until now, but believe also
7  that when it was learned in October during the settlement
8  discussions that Mr. Zou was not the owner of the stores, that
9  it would have been reasonable -- a reasonable attorney would
**9:07AM** 10  have dropped the case at that point or at least inquired to
11  seeing what -- if there was any justification for keeping
12  Mr. Zou in the case at all.  But certainly --
13  COURT REPORTER:  I'm sorry --
14  THE COURT:  And then -- oh, I'm sorry.  Go ahead,
**9:08AM** 15  Gayle.
16  COURT REPORTER:  I'm sorry to interrupt.
17  You broke up at the end a little bit.
18  "At least inquired to seeing what -- if there was any
19  justification for keeping Mr. Zou in the case at all.  But
**9:08AM** 20  certainly."
21  MR. GOODWYN:  But certainly from December 28th.  At
22  least from December 28th.
23  THE COURT:  What's your understanding of why the
24  dismissal didn't occur?  Was there something else that I'm not
**9:08AM** 25  seeing?

09:08AM  1    MR. GOODWYN: The only thing that I can speculate on
2    is that plaintiff's counsel was in the midst of settling with a
3    number of defendants and at one point had offered to settle
4    with Mr. Zou and perhaps was hoping to have a separate
09:08AM  5    settlement with Mr. Zou.
6    THE COURT: Okay. Who is going to take the
7    plaintiff's side?
8    MR. HAEBERLE: I will, your Honor.
9    THE COURT: Okay.
09:08AM 10    MR. HAEBERLE: Michael Haeberle.
11    Your Honor, the facts show that plaintiff had a
12    good-faith basis for continuing the case against Xin Zou before
13    and after the settlement because the settlement agreement did
14    not release claims against Xin Zou.
09:09AM 15    Now, I want to start by discussing the facts that
16    showed Xin Zou's involvement in the matter and the
17    contradictory facts presented by defendants.
18    So plaintiff had a document from eBay, an uninterested
19    third party, that demonstrated Xin Zou's involvement in the
09:09AM 20    stores. And that is on Doc. 197 at 4013. It shows involvement
21    by Xin Zou.
22    THE COURT: What is the -- what's the involvement?
23    MR. HAEBERLE: He's listed as an individual, pursuant
24    to eBay's records, as an individual involved in the store.
09:09AM 25    And the stores are not separate legal entities, but

9:10AM  1  are just, you know, names, right?  And it's an internet handle,
        2  to speak.  So it's -- on that document, it says, "Business
        3  seller information, Xin Zou."  So it says he is business seller
        4  information and lists him.  That demonstrates he had
9:10AM  5  involvement pursuant to records from an uninterested third
        6  party.
        7           So then, you know, my client certainly had a
        8  good-faith belief to be -- believe he was involved in the
        9  operations.  And then the facts in discovery did not refute
9:10AM 10  this but just muddied the waters.  As we show, the facts
       11  demonstrated that the alleged owners of the stores had some
       12  business transactions with Mr. Xin Zou's company, so that's --
       13  that's the indication there's -- there's further affiliation.
       14           The settling defendants claim that the owners were two
9:11AM 15  Chinese companies, both of which are related to Xin Zou's
       16  company, and one of which Mr. Zou is -- has admitted to being a
       17  supervisor of.
       18           So then in the written discovery answers, they -- they
       19  write -- they detail these companies as the owner, but my
9:11AM 20  client has documentation demonstrating that the stores appear
       21  to be owned by a variety of individuals.
       22           So there's a discrepancy between what the documents
       23  are showing and what the defendants are saying.
       24           And then we have documentation that evidence was
9:11AM 25  either deleted, destroyed, or otherwise vanished.  And this is

9:12AM 1 the fact that the registration -- eBay registration
2 screen-shots were blank with some of the owners admitting that
3 they failed to maintain the eBay records necessary for the
4 case.
9:12AM 5 So we have -- and that's on Doc. 196 at paragraph 12,
6 196, Exhibit 9, is where you can find that.
7 So now we've got a situation in which we have an
8 individual that's tied to a company based on eBay's own
9 records, that have inconsistent documentation from the
9:12AM 10 defendants themselves demonstrating ownership.  That is -- and
11 ultimately we don't know, right?  That's a good-faith basis to
12 bring the claim.
13 Mr. Zou was dismissed based on lack of personal
14 jurisdiction, you know, before we could figure out exactly what
9:12AM 15 happened.  But that is certainly a good-faith basis to
16 prosecute the claim in the first instance.
17 The -- that good-faith basis continued after
18 settlement.  So from settlement, we settled with the owners of
19 two eBay's stores.  And the eBay's stores, as we've stated, are
9:13AM 20 not separate legal entities.  It's not tinaforyou, Inc.  It's a
21 store handle, tinaforyou, which is a trade name if it's used by
22 a company as the owner, and it's a sole proprietorship if it's
23 operated by an individual.
24 So we have two companies that we settled with that
9:13AM 25 were the owners, at least at the time of settlement or that

9:13AM  1   claim they're the owners.  So we gave them a release.  We gave
        2   the companies a release.  But we didn't give any of their
        3   predecessors, we didn't give any of their employees, we didn't
        4   give any of their agents, we didn't give anyone affiliated with
9:14AM  5   them a release.  The settlement expressly excludes that.
        6              Illinois law is clear that individuals participating
        7   in torts, even if they're acting on behalf of a company, are
        8   liable for their own actions.  And that's the *Schur v. L.A.*
        9   *Weight Loss* case.
9:14AM 10              So we have a settlement agreement that does not
       11   release an individual, that releases these two entities that at
       12   one point operated the store.  So from the evidence that we
       13   have from eBay, it appears Xin Zou transferred ownership at
       14   some point of the stores or switched -- you know, switched
9:14AM 15   affiliation at some point to these companies, so we released
       16   the store.  We even included Xin Zou as a released party in an
       17   earlier version of the release.  So to the extent there's any
       18   ambiguity, we detail the history of negotiations in
       19   Mr. Banister's declaration.  There is no -- Xin Zou was listed
9:15AM 20   and then he was removed.  That is certainly evidence that he
       21   was not contemplated with the release -- within the release,
       22   and the release itself does not release employees or agents.
       23   Mr. Zou is liable for his own torts and was never released.
       24   It's -- and there's nothing to the contrary.
9:15AM 25              He was involved in these stores, he was not released

9:15AM 1 by the plain language of the release and, therefore, he is
2 still on the hook.
3 The Court found a lack of personal jurisdiction
4 eventually, but it doesn't -- you know, it doesn't mean that he
9:15AM 5 was not responsible for the actions. It just means he can't be
6 pursued here for his responsibility.
7 Based on the lack of release on the plain language of
8 the release and his -- the evidence of involvement, there was
9 certainly a good-faith basis for my client to pursue the claim,
9:16AM 10 and we'd ask that you deny the motion.
11 THE COURT: Did -- was there a pursuit of the claim
12 after he was dismissed for lack of jurisdiction?
13 MR. HAEBERLE: I don't believe there has been at this
14 point.
9:16AM 15 THE COURT: Okay. Let me hear from the other side for
16 a reply.
17 MR. GOODWYN: Your Honor, real quickly.
18 The reliance on *Schur v. L.A. Weight Loss* for the
19 proposition that somehow Mr. Zou is independently liable for a
9:16AM 20 tort is misplaced and (indecipherable), in that case, it was an
21 issue of vicarious liability and a question of whether an
22 employee -- the tort -- whether or not that tort was done
23 within the employee's scope of employment. And that was -- is
24 simply unrelated to the arguments at issue here. And with
9:17AM 25 respect to --

9:17AM 1   COURT REPORTER: I'm sorry, Mr. Goodwyn, would you
2   speak up? "And with respect to."
3   MR. GOODWYN: And with respect to the settlement with
4   the stores, the agreements and all of the actions of the
9:17AM 5   parties show that settlements were indeed with the stores,
6   contrary to crafting arguments today that the stores were not
7   settled, and the release and the agreement specifically
8   releases the defendant. And to the extent Mr. Zou were
9   associated with the store, then he was released.
9:17AM 10   And with respect to his involvement and now these
11   questions about whether or not he had a relationship with the
12   stores, the stores answered in discovery responses, discovery
13   responses, that the -- who the owner of the stores was. It's
14   not Xin Zou. And plaintiff was aware of that. And they never
9:18AM 15   tried to question during those settlement discussions whether
16   there was any involvement with Mr. Zou. They never said that,
17   wait a second, we've got conflicting evidence, we need to know
18   what -- what's Mr. Zou's involvement with the stores. The
19   point was it was identified who the stores' owners were, and it
9:18AM 20   was not -- not Mr. Zou.
21   So there was no basis for Mr. Zou being in the case in
22   the first place, and there was certainly no basis for Mr. Zou
23   continuing in the litigation once it was learned that he was
24   not associated with the stores.
9:18AM 25   THE COURT: So was there contact after he was

**9:18AM** 1  determined not to have -- that the Court determined there was
2  no jurisdiction?
3  MR. GOODWYN: When you say "contact", are you --
4  THE COURT: For the plaintiff seeking to continue to
**9:19AM** 5  seek settlement.
6  MR. GOODWYN: I am not aware of any additional contact
7  after that point.
8  THE COURT: Okay. Okay. Any last words from anyone?
9  MR. GOODWYN: None from defendant Mr. Zou. Thank you,
**9:19AM** 10  your Honor.
11  THE COURT: Okay. I will give you a written opinion
12  on the issue, and it will be electronically, so you'll get it
13  shortly. Okay? Thank you for your arguments.
14  MULTIPLE SPEAKERS: Thank you, your Honor.
**9:19AM** 15  (Proceedings concluded at 11:06 a.m.)
16  C E R T I F I C A T E
17  I certify that the foregoing is a correct transcript, to
18  the extent possible, of the record of proceedings in the
19  above-entitled matter, given the limitations of conducting
**9:19AM** 20  proceedings via videoconference.
21
22
23  */s/ GAYLE A. McGUIGAN*                                *September 23, 2021*
     Gayle A. McGuigan, CSR, RMR, CRR                          Date
     Official Court Reporter
24
25