IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SUN CHENYAN | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20-cv-00221 |
| | ) | |
| v. | ) | Judge Virginia M. Kendall |
| | ) | |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A" | ) ) ) ) | Mag. Judge Jeffrey Cummings |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENTS**

Comes Now, Sun Chenyan, (hereinafter, "Sun Chenyan" or "Plaintiff") by and through her counsel, Ford Banister IP, and moves this Honorable Court to enforce certain settlement agreements against Yangli Zhang, Weiwei Fang, Liang Ping, Jing Zhang, (hereinafter, collectively the "Individual Defendants") and Huaiji Xian Hongyi Fuzhuang Youxiangongsi, a Chinese corporation, (hereinafter, "the Corporate Defendant" or "Huaiji") All of the foregoing, having entered into settlement agreements with Plaintiff, are hereinafter collectively referred to as "the Settling Parties." All parties against whom Plaintiff seeks to enforce the settlement agreements, the Settling Parties and Xin Zou, are hereinafter collectively referred to as "the Breaching Parties." In support of her request, Plaintiff states as follows:

**Background and Relevant Procedural History**

1. On or about December 28, 2020, the Plaintiff and certain parties entered into two separate settlement agreements. The first settlement agreement is between Plaintiff and Individual Defendants Weiwei Fang, Ping Liang and Jing Zhang and Guangzhou Manbei Fushi

Youxiangongsi, a non-party Chinese corporation. (hereinafter, "the Non-Party Corporation" or "Guangzhou Manbei") for release of liability arising from violations of Plaintiff's intellectual property rights through the eBay Stores brise32, homesale_estore, liangn_zn and zxjxiemao_8. [Doc. 196 at ¶ 3; 196-1 at 2]

2. The second settlement agreement is between Plaintiff, Individual Defendant Zhang Yangli and the Corporate Defendant for release of liability arising from violations of Plaintiff's intellectual property rights through the eBay stores lilyyangstores and tinaforyou. [Doc. 196 at ¶ 4; 196-2 at 3]

3. At all times relevant, the Settling Parties have been represented by Attorney Ge Lei. (hereinafter, "Attorney Lei") [Docs. 196-3; 79; 102]

4. On January 20, 2021, Xin Zou appeared, by and through counsel, and moved to dismiss the case against him for lack of personal jurisdiction. [Doc. 94]

5. On May 6, 2021, the Court granted Xin Zou's motion to dismiss for lack of personal jurisdiction. [Doc. 158]

6. On August 18, 2021, Xin Zou moved for an award of costs and attorney fees against Plaintiff and her counsel, [Doc. 179] supported by an accompanying memorandum of law. [Doc. 180]

7. Plaintiff filed her opposition to Xin Zou's motion for fees on September 10, 2021. [Doc. 200]

8. On September 16, 2021, the Court heard oral arguments on Xin Zou's motion for fees. [Doc. 202] At the hearing, Xin Zou sought to construe the settlement agreements entered into between Plaintiff and the Settling Parties. [Hearing Trans. at 4:9-23; 6:8-10:25; 19:3-24]

**Argument**

9. "A district court has the inherent or equitable power to enforce a settlement agreement in a case before it." *Hyde Park Union Church v. Curry*, 942 F. Supp. 360, 363 (N.D. Ill. 1996) (citing Wilson v. Wilson, 46 F.3d 660, 664 (7th Cir. 1995)). A settlement agreement is a contract, *Herrnreiter v. Chicago Hous. Auth.*, 281 F.3d 634, 636 (7th Cir. 2002), and therefore federal courts look to state contract law to decide issues regarding the formation, construction, and enforcement of the agreement, *Magallanes v. Ill. Bell Tel. Co.*, 535 F.3d 582, 584 (7th Cir. 2008). In interpreting a settlement agreement under Illinois law, "'the paramount objective is to give effect to the intent of the parties as expressed by the terms of the agreement.'" *Laserage Tech. Corp. v. Laserage Labs., Inc.*, 972 F.2d 799, 802 (7th Cir. 1992) (quoting *Int'l Minerals & Chem. Corp. v. Liberty Mut. Ins. Co.*, 168 Ill. App. 3d 361, 370 (1st Dist. 1988)). Illinois follows the objective theory of intent, meaning that the terms of the agreement depend on "what the parties express to each other and to the world, not on what they keep to themselves." *Skycom Corp. v. Telstar Corp.*, 813 F.2d 810, 814-15 (7th Cir. 1992).

10. Here, it is undisputed between Plaintiff and the Breaching Parties that Plaintiff and the Settling Parties entered into mutually binding settlement agreements. [Docs. 196-1; 196-2; January 21, 2021 Hearing Trans. at 11:8-12:17]

11. Both settlement agreements contain the following clause:

> Subject to the terms of this Agreement, Defendant, on behalf of itself, and its current or former officers, directors, employees, attorneys, insurers, predecessors, assignors, assignees, successors, parents, subsidiaries and representatives, hereby releases and forever discharges Plaintiff and its current or former officers, director employees, attorneys, insurers, predecessors, assignors, assignees, successors, parents, subsidiaries and representatives from any and all causes of action, claims, debts, demands, attorney's fees, costs, damages, and liabilities at law or in equity, arising out of or related to Defendant's claims regarding the Accused Products or the Lawsuit.

3

[Unquote] [Docs. 196-1 at 4; 196-2 at 3-4]

12. In addition to the Settling Parties, Xin Zou is bound by the terms of both settlement agreements. In regards to the first settlement agreement, on record at Doc. 196-1, it is undisputed that Xin Zou is and at all times relevant has been named as Supervisor of Guangzhou Manbei. [Doc. 108-5 at 89; 196 at ¶ 14; 196-11] As Supervisor of Guangzhou Manbei, Xin Zou is among the "current or former officers, directors, employees... and representatives..." identified as being bound. [Docs. 196-1 at 4] Further, as Xin Zou admits, [Doc. 180 at 3] and as the Court acknowledged in its Order granting Xin Zou's motion to dismiss for lack of personal jurisdiction, Plaintiff amended her complaint to name Xin Zou as a defendant in this suit based on expedited discovery production received from eBay, Inc. showing him as the registered merchant for two of the relevant eBay stores. [Doc. 27 at 4-5; 158 at 7-8] Since the Court dismissed the claims, the truth of what happened will never be known, but from the evidence that Plaintiff received, including that placed on record by Xin Zou in support of his motion to dismiss, it appears that Xin Zou transferred the operation or registration of the stores to the Settling Parties at some point. [Id.; 196 at ¶¶8, 10, 12-13; 196-5 at 5; 196-7; 196-9; 196-10] Xin Zou may also be considered bound as a predecessor to the Settling Parties identified in the first settlement agreement. [Doc. 196-1 at 4]

13. In regards to the second settlement agreement, on record at Doc. 196-2, Xin Zou is likewise bound as a predecessor based on the expedited discovery production received from eBay, Inc. [Doc. 27 at 4-5] In addition, Xin Zou's name appears on the screenshot of the eBay Store tinaforyou placed on record by Plaintiff at the inception of the case. [Docs. 7 at 245; 197 at ¶ 9; 197-2 at 7] As of at least August 21, 2021, the name "Xin Zou" appears under the heading "Business seller information." [Doc. 197 at ¶ 8; 197-1] Apparently, after the Court granted Xin

Zou's motion to dismiss, in part, on the grounds that Plaintiff had failed to show that he controlled the stores, [Doc. 158 at 9] Xin Zou promptly transferred control of the eBay Store tinaforyou back to himself. Thus, Xin Zou is also bound as a successor to the Settling Parties identified in the second settlement agreement. [Doc. 196-2 at 4]

14. The Breaching Parties have breached the settlement agreements in multiple ways. First, as set out in ¶ 11 above, the Breaching Parties "[release] and forever [discharge] Plaintiff and its current or former officers, director employees, **attorneys**, insurers, predecessors, assignors, assignees, successors, parents, subsidiaries and representatives from any and all causes of action, claims, debts, demands, **attorney's fees, costs**, damages, and liabilities at law or in equity, arising out of or related to Defendant's claims regarding the Accused Products or the Lawsuit." [Docs. 196-1 at 4; 196-2 at 3-4] [Emphasis Added] Yet on August 18, 2021, Xin Zou, in spite being bound under the terms of both settlement agreements, moved for an award of costs and attorney fees against Plaintiff and her counsel. [Docs. 179; 180]

15. Both settlement agreements contain the following confidentiality clause:

> Except as otherwise required by law, Defendant shall keep any correspondence between the Parties, the existence of this Agreement, the Damages Amount, and the terms and contents of this Agreement strictly and completely confidential and will not hereafter disclose any such information to anyone except:
> (a) the Parties' attorneys, accountants, financial advisors, or
> (b) as required by law and/or court process. Any disclosure by Defendant in violation of this section shall be deemed a material breach.

[Unquote] [Docs. 196-1 at 4; 196-2 at 4]

(hereinafter, "the Confidentiality Clause")

16. Clearly, the Breaching Parties have wholly disregarded the Confidentiality

Clause. Xin Zou's motion for fees [Docs. 179; 180] relies entirely on the declaration of Attorney Lei, counsel for the Settling Parties. [Doc. 182] Attorney Lei's declaration reveals the existence of correspondence between the parties; [Id. at ¶ 2] the alleged content of correspondence between the parties [Id. at ¶ 3] and the existence and alleged terms of the agreements.

      17.    It is no answer that it is Attorney Lei rather than the Breaching Parties that has flaunted the confidentiality provisions of the settlement agreements. It is basic that the conduct of one's lawyer is imputed to the client. See, e.g., *United States v. 8136 S. Dobson St., Chicago, Ill.*, 125 F.3d 1076, 1084 (7th Cir. 1997); *Coleman v. Smith*, 814 F.2d 1142, 1146 (7th Cir. 1987); *Winn v. Allstate Cas. Co.*, 2011 WL 3100345, at *1 (S.D. Ind. 2011); *Thomas v. Exxon Mobil Oil Corp.*, 2007 L 2274710, *2-3 (N.D.Ill. 2007). "Any other notion would be wholly inconsistent of our system of representative litigation...." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962). See also *Doe v. FDIC*, 545 Fed. App'x 6, 8 (2nd Cir. 2013); *Tolliver v. Northrup*, 786 F.2d 316 (7th Cir.1986); *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 608-09 (7th Cir. 1986). The intentional disregard of a confidentiality provision by an attorney representing a party to a settlement agreement is properly sanctioned as it violates the public policy favoring settlements as an efficient means of dispute resolution. see *Huynh v. City of Worcester*, CIVIL ACTION No. 08-40240-TSH, at *7-8 (D. Mass. Aug. 17, 2010) ("Attorney Tumposky, by flouting the settlement agreement, has violated the public policy favoring settlements as an efficient way of resolving disputes. Parties will be far less inclined to settle a case if the opposing party may breach the settlement without repercussion... Defendants will be awarded the costs of filing and arguing the Motion, to be paid by Attorney Michael Tumposky.")

18.     Finally, both settlement agreements contain a clause stating that "This Agreement shall not be used as an admission of liability or wrongdoing by any Party." [196-1 at 4; 196-2 at 4] Here, Xin Zou's motion for fees rests entirely on the existence of the settlement agreements between Plaintiff and the Settling Parties. [Docs. 179; 180; September 16, 2021 Hearing Trans. at 4:9-23; 6:8-10:25; 19:3-24] In contravention, Xin Zou relies on the settlement agreements to attempt to show that Plaintiff and her counsel acted in bad faith in continuing to pursue her claims against him. [Id.]

19.     The "court's job in construing a negotiated release under Illinois law is to determine what the parties intended." *Engineered Abrasives, Inc. v. Am. Mach. Prod. & Serv., Inc.*, 882 F.3d 650, 653 (7th Cir. 2018) (citations omitted). "Courts look to the language of the settlement agreement to determine the parties' intent unless the agreement is ambiguous." *Engineered Abrasives*, 882 F.3d at 653. "[W]here the terms of a contractual release are clear and explicit, a reviewing court must enforce them as written." *Crosby v. City of Chi.*, No. 18 C 4094, at *16 (N.D. Ill., Nov. 28, 2018) (Kendall, J.) (citation omitted). The Breaching Parties' commitments and responsibilities are made clear in each. The Breaching Parties cannot be permitted to benefit from the settlement agreements while failing to meet their clearly defined responsibilities.

20.     When a contract is unambiguous on its face, "the intent of the parties must be construed without consideration of parol evidence." *Cannon v. Burge*, 752 F.3d 1079, 1091 (7th Cir. 2014). A contract is considered ambiguous "if it is capable of being understood in more than once sense." *Id*. at 1989. "If there are disputed material facts, the district court should hold an evidentiary hearing." *Craftwood Lumber Co. v. Interline Brands, Inc.*, No. 11-cv-4462, at *9 (N.D. Ill. Sep. 23, 2014) citing *Wilson v. Wilson*, 46 F.3d 660, 664 (7th Cir. 1995). "Where the

7

record points to only one conclusion, however, the court need not hold a hearing." *Id*. citing *Gutta v. Standard Select Trust Ins. Plans*, 530 F.3d 614, 618 (7th Cir. 2008).

21. Here, Xin Zou is clearly within the class of persons bound by both settlement agreements. To the extent that Xin Zou may contend that he is not bound by the settlement agreements, Plaintiff respectfully submits that she is entitled to expedited discovery as to Xin Zou's relationship with the other Breaching Parties prior to an evidentiary hearing. Following the filing of the instant motion, Plaintiff will confer with counsel for the Breaching Parties to attempt to facilitate a voluntary exchange of information. In the event that the Breaching Parties choose not to cooperate, Plaintiff will move separately for expedited discovery.

22. As Xin Zou's motion for fees [Doc. 179] is wholly supported by the Breaching Parties' breach of the settlement agreements, as fully set out above, Plaintiff respectfully requests that the Court strike the Declaration of Ge Lei [Doc. 182] and Xin Zou's motion for fees and supporting memorandum. [Docs. 179, 180]

23. Plaintiff also requests that the Court award her reasonable costs and attorney fees incurred in prosecuting the instant motion. Federal courts possess certain "inherent powers," not conferred by rule or statute, "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). That authority includes "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). And one permissible sanction is an "assessment of attorney's fees"—an order, like the one [requested] here, instructing a party that has acted in bad faith to reimburse legal fees and costs incurred by the other side. *Id.*, at 45, 111 S.Ct. 2123. Courts have awarded attorney fees and costs under similar circumstances. see *Procaccino v. Jeansonne*,

CIVIL ACTION No. 17-4748 SECTION "F", at *15 (E.D. La. Dec. 23, 2017) ("Advancing a colorless defense to settlement enforcement for oppressive reasons (to pursue unsubstantiated claims and defenses all the while accusing your ex-girlfriend, the plaintiff, of extortion) constitutes bad faith that is grounds for an award of attorney's fees as a sanction."); *Huynh v. City of Worcester*, CIVIL ACTION No. 08-40240-TSH, at *7-8 (D. Mass. Aug. 17, 2010).

24. Finally, as Plaintiff argued in her opposition to Xin Zou's motion for fees, "[C]ontext matters." *NuVasive Clinical Servs. v. Neuromonitoring Assocs.*, No. 18 C 4304, at *4 (N.D. Ill. Apr. 14, 2020) citing *Caraco Pharm. Labs., Ltd. v. Novo Nordisk A/S*, 566 U.S. 399, 413-14 (2012). [Doc. 200 at 14-15] Xin Zou's motion for fees, based entirely on the Plaintiff's settlement with the Settling Parties is, quite apparently, an attempt, in bad faith, to profit from the breach of settlement agreements, one of which is executed with an entity, Guangzhou Manbei, that it is undisputed that he has, at all times relevant, controlled, that affirmatively bind him and the other Breaching Defendants. [Doc. 108-5 at 89; 196 at ¶ 14; 196-11] Plaintiff has fully responded to Xin Zou's motion for fees and has shown it to be meritless. [Doc. 200] However, Plaintiff respectfully submits that the Court need not and should not address the merits of Xin Zou's motion for fees prior to resolution of the instant motion to enforce settlement agreements as Xin Zou is contractually estopped from prosecuting his motion for fees and cannot be permitted to attempt to substantiate his allegations with the two settlement agreements, the presentation of which is an intentional, material breach of contract.

(Prayer For Relief, Date and Signature on the Following Page)

**PRAYER FOR RELIEF**

Based on the foregoing, Plaintiff respectfully requests that the Court grant the following relief:

1) That the Court strike the Declaration of Ge Lei; [Doc. 182]

2) That the Court strike Xin Zou's motion for fees and supporting memorandum; [Doc. 179]

3) That, to the extent that the Breaching Parties allege any ambiguity in the settlement agreements, the Court set an evidentiary hearing;

4) That Plaintiff be awarded her reasonable costs and attorney fees incurred in prosecuting the instant motion;

5) That the Court stay decision on Xin Zou's motion for fees until the instant motion to enforce settlement agreements is resolved;

6) Any further and additional relief that the Court may deem necessary and appropriate.

Respectfully submitted this 30th day of September, 2021,

/s/ L. Ford Banister, II
Bar No. 5446539
Ford Banister IP
305 Broadway - Floor 7
New York, NY 10007
Telephone: 212-500-3268
Email: ford@fordbanister.com
*Attorney for Plaintiff*